# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS, AS NEXT FRIEND OF THOUSANDS OF MUSLIMS DETAINED IN CHINA "VOCATIONAL CAMPS", PRISONERS DETAINED IN EGYPT WITHOUT MEDICAL CARE, AUGUSTA, GA GRADE SCHOOLERS,** | CIVIL NO. 1:19-CV-1102 |
| | (Chief Judge Conner) |
| Petitioners | |
| v. | |
| **CHINA, EGYPT, AUGUSTA, GEORGIA, CENTRAL INTELLIGENCE AGENCY, PA STATE ATTORNEY GENERAL,** | |
| Respondents | |

## ORDER

AND NOW, this 8th day of July, 2019, upon consideration of the petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by petitioner Frederick Banks on behalf of thousands of Muslims detained in China "vocational camps", prisoners detained in Egypt without medical care, and Augusta, Georgia grade schoolers, wherein he alleges that the Central Intelligence Agency ("CIA") is unconstitutionally detaining the aforementioned petitioners in China and Egypt, and unlawfully providing inadequate meals to school children in Augusta, Georgia, and requests, *inter alia*, that all petitioners be released from custody and that the

CIA provide supplemental meals to the school children in Augusta, Georgia, and upon consideration of the federal habeas statute, which provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf", 28 U.S.C. § 2242, and that a litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue", Whitmore v. Arkansas, 495 U.S. 149, 154 (1990), accord In re Zettlemoyer, 53 F.3d 24, 26-27 (3d Cir. 1995) (per curiam), and, further, a petitioner seeking "next friend" standing must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action", and must demonstrate that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has some "significant relationship" with that person, Whitmore, 495 U.S. at 164 (citations omitted), and it appearing that Banks has failed to establish that petitioners are unable to litigate their own case, and failed to establish that he has a significant relationship with any of the petitioners, and the court finding that Banks therefore failed to meet his burden to establish "next friend" standing, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) filed by Frederick Banks on behalf of thousands of Muslims detained in China "vocational camps", prisoners detained in Egypt without medical care, and Augusta, Georgia grade schoolers is DISMISSED for lack of standing.

2. The Clerk of Court is directed to CLOSE this case.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania